IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| **INSTITUTE FOR INFORMATION INDUSTRY**<br><br>   **Plaintiff,**<br><br>   v.<br><br>**SAMSUNG ELECTRONICS CO., LTD. SAMSUNG ELECTRONICS AMERICA, INC., and SAMSUNG TELECOMMUNICATIONS AMERICA, L.L.C.**<br><br>   **Defendants.** | **CIVIL ACTION NO.: 2:13-cv-544**<br><br>**JURY TRIAL DEMANDED** |

### COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Institute for Information Industry ("III" or "Plaintiff") for its Complaint against Samsung Electronics Co., Ltd., Samsung Electronics America, Inc. and Samsung Telecommunications America, L.L.C. ("Samsung" or "Defendants") demands a trial by jury and alleges as follows:

### PARTIES

1.  Plaintiff Institute For Information Industry is an information industry research institution with a principal address of 11F, No. 106, Section 2, Heping East Road, Taipei, Taiwan, R.O.C.

2.  On information and belief, Defendant Samsung Electronics Co., Ltd. ("Samsung Ltd.") is a Republic of Korea limited company with its principal place of business in 250, 2-ga, aepyong-ro, Jung-gu, Seoul 100-742, Korea.  On information and belief, Samsung Electronics Co., Ltd. is a nonresident of Texas who engages in business in this state, but does not maintain a

COMPLAINT FOR PATENT INFRINGEMENT – Page 1

regular place of business in this state or a designated agent for service of process in this state. On information and belief, Samsung Electronics Co., Ltd. resides in this jurisdiction within the meaning of 28 U.S.C. § 1400(b).  This proceeding arises, in part, out of business done in this state.  Samsung Electronics Co., Ltd. may be served with process in Korea pursuant to the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents, Article 1, November 15, 1965 T.I.A.S. No. 6638, 20 U.S.T. 361 (U.S. Treaty 1969).  Samsung Electronics Co., Ltd. regularly conducts and transacts business in Texas, throughout the United States, and within the Northern District of Texas, itself and/or through one or more subsidiaries, affiliates, business divisions, or business units.

3. On information and belief, Defendant Samsung Electronics America, Inc., is a corporation organized and existing under the laws of the State of Delaware with its principal place of business at 105 Challenger Road Ridgefield Park, NJ 07660.  This Defendant has appointed The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, DE 19801 as its agent for service of process.  Samsung Electronics America, Inc. regularly conducts and transacts business in Texas, throughout the United States, and within the Northern District of Texas, itself and/or through one or more subsidiaries, affiliates, business divisions, or business units.

4. Samsung Telecommunications America, L.L.C. is a Texas limited liability company with its principal place of business in Richardson, Texas.  This Defendant has appointed Prentice Hall Corporation System, 211 E. 7th Street, Suite 620, Austin, Texas 78701 as its agent for service of process.  Samsung LLC regularly conducts and transacts business in Texas, throughout the United States, and within the Northern District of Texas, itself and/or through one or more subsidiaries, affiliates, business divisions, or business units.

**JURISDICTION AND VENUE**

5.  This action arises under the Patent Laws of the United States, namely, 35 U.S.C. §§ 1 et seq.  This Court has exclusive subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

6.  Venue is proper in this district under 28 U.S.C. §§ 1391(b)(2) and (c) and/or 1400(b).  On information and belief, Samsung have transacted business in this district, and have committed acts of patent infringement in this district, by the making, using, selling and/or offering for sale at least the Samsung Smart MBS.

7.  On information and belief, Samsung are subject to this Court's general and specific personal jurisdiction because: Samsung have minimum contacts within the State of Texas and the Eastern District of Texas and, pursuant to due process and/or the Texas Long Arm Statute, Samsung have purposefully availed themselves of the privileges of conducting business in the State of Texas and in the Eastern District of Texas; Samsung regularly conduct and solicit business within the State of Texas and within the Eastern District of Texas; and causes of action arise directly from Samsung's business contacts and other activities in the State of Texas and in the Eastern District of Texas.

**COUNT I**
**INFRINGEMENT OF U.S. PATENT NO. 7,206,301**

8.  III is the owner of all rights, title and interest to United States Patent No. 7,206,301 ("the '301 Patent") entitled "System and Method For Data Communication Handoff Across Heterogeneous Wireless Networks."  The '301 Patent was issued on April 17, 2007 after a full and fair examination by the United States Patent and Trademark Office.  The application leading to the '301 Patent was filed on March 8, 2004 and has a priority date of March 12, 2003.  Attached as Exhibit "A" is a copy of the '301 Patent.

9. The '301 Patent is generally directed to systems and methods for data communication handoff and more particularly, to systems and methods of data communication handoff to provide a pre-authentication mechanism for performing authentication procedures when a mobile terminal associates with a BSS, enabling the mobile terminal to hand off data communication from a wireless telephony network to a WLAN within the same cell, with reduced authentication time.

10. On information and belief, Samsung have been and now are infringing the '301 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by making, using, importing, selling or offering to sell data communication handoff devices that incorporate systems and methods according to the '301 Patent.  On information and belief, examples of Samsung products that infringe the '301 Patent include, but are not limited to, all Samsung data communication handoff devices, including the Samsung Smart MBS.  Samsung are thus liable for infringement of the '301 Patent pursuant to 35 U.S.C. § 271.

11. To the extent that facts learned in discovery show that Samsung's infringement of the '301 Patent is or have been willful, III reserves the right to request such a finding at time of trial.

12. As a result of Samsung's infringement of the '301 Patent, III has suffered monetary damages in an amount not yet determined, and will continue to suffer damages in the future unless Samsung's infringing activities are enjoined by this Court.

13. Unless a permanent injunction is issued enjoining Samsung and its agent, servants, employees, representatives, affiliates, and all others acting on or in active concert therewith from infringing the '301 Patent, III will be greatly and irreparably harmed.

## PRAYER FOR RELIEF

WHEREFORE, III respectfully requests that this Court enter:

A.      A judgment in favor of III that Samsung have infringed the '301 Patent;

B.      A permanent injunction enjoining Samsung and its officers, directors, agents, servants, affiliates, employees, divisions, branches, subsidiaries, parents, and all others acting in active concert therewith from infringing the '301 Patent;

C.      A judgment and order requiring Samsung to pay III its damages, costs, expenses, and prejudgment and post-judgment interest for Samsung infringement of the '301 Patent as provided under 35 U.S.C. § 284;

D.      An award to III for enhanced damages resulting from the knowing, deliberate, and willful nature of Defendants' prohibited conduct with notice being made at least as early as the date of the filing of this Complaint, as provided under 35 U.S.C. § 284;

E.      A judgment and order finding that this is an exceptional case within the meaning of 35 U.S.C. § 285 and awarding to III its reasonable attorneys' fees; and

F.      Any and all other relief to which III may show itself to be entitled.

## DEMAND FOR JURY TRIAL

III, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of any issues so triable by right.

Dated: July 8, 2013                                  Respectfully submitted,

                                                By: */s/ Winston O. Huff*
                                                         Winston O. Huff, Attorney in Charge
                                                         Texas State Bar No. 24068745
                                                         Deborah Jagai
                                                         Texas State Bar No. 24048571
                                                         W. O. Huff & Associates, PLLC
                                                         302 N. Market Street, Suite 450
                                                         Dallas, TX 75202
                                                         214.749.1220 (Firm)
                                                         469.206.2173 (Fax)
                                                         whuff@huffip.com
                                                         djagai@huffip.com

                                                         ATTORNEYS FOR PLAINTIFF
                                                         INSTITUTE FOR INFORMATION
                                                         INDUSTRY

## CERTIFICATE OF FILING

     I hereby certify that on July 8, 2013 I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system.

                                                         */s/ Winston O. Huff*
                                                          Winston O. Huff